# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.:_____

JOANA PALACIOS-VAZQUEZ,

    Plaintiffs,

vs.

EISNER ORAL SURGERY CENTER CORP,
a Florida corporation,
and JEFFREY MARC EISNER, D.M.D.,
individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JOANA PALACIOS-VAZQUEZ, sues Defendants, EISNER ORAL SURGERY CENTER CORP (the "Practice") and JEFFREY MARC EISNER, D.M.D. ("Dr. Eisner") (jointly "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seek damages within this court's jurisdictional requirements, attorneys' fees and costs, and all other remedies allowable by law.

### PARTIES, JURISDICTION AND VENUE

3. The Practice is, and at all relevant times was, a Florida corporation with its principal place of business in Miami-Dade County, Florida.

1

4. Dr. Eisner is, and at all relevant times was, an owner and officer of the Practice who conducted business in Miami-Dade County, Florida.

5. Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

6. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, employed Plaintiff in this District and the claims arose within this District.

## GENERAL ALLEGATIONS

### A. Defendants' Business and Employment Of Plaintiff

7. The Practice is a dental office offering oral surgery and related services with its principal place of business in Miami, Florida.

8. Plaintiff most recently began working for Defendants on or about November 2017. Prior to her return in November 2017, Plaintiff worked for Defendants for more than 15 years.

9. Plaintiff was compensated at a rate of $21.00 per hour during the relevant period.

10. However, Defendants fluctuated between paying Plaintiff hourly and paying her "salary," depending on the week.

11. Dr. Eisner was Plaintiff's direct supervisor and ran the day-to-day operation of the Practice.

12. Plaintiff ceased working for Defendants on or about February 19, 2020.

13. Defendants were Plaintiff's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

### B. Defendants' Illegal Payment Practices

14. During the relevant period, Plaintiff's regular work schedule (which did not include a lunch break) varied, but was always in excess of forty hours per week.

15. During the relevant period, Plaintiff worked between five (5) and fifteen (15) hours of overtime each week (the "Overtime Hours").

16. Plaintiff received no compensation whatsoever for any of the Overtime Hours worked.

17. On many occasions beginning in May 2019 Plaintiff performed work on weekends (the "Weekend Hours").

18. Defendants paid Plaintiff a "flat rate" of $149.00 for the Weekend Hours, regardless of the amount of Weekend Hours worked.

19. Defendants failed to keep time records of any of the hours worked by Plaintiff as required by the FLSA.

20. Defendants always paid Plaintiff with a handwritten manual check.

21. Defendants never provided Plaintiff with paystubs or any other record of the additions to or deductions from Plaintiff's wages as required by the FLSA.

22. Throughout Plaintiff's employment, Defendants had knowledge of Plaintiff's work hours, but purposefully failed to provide Plaintiff with complete and adequate overtime pay in violation of the FLSA.

23. Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

# COUNT I
# OVERTIME VIOLATIONS BY EISNER ORAL SURGERY CENTER CORP UNDER THE FAIR LABOR STANDARDS ACT

24. Plaintiff, re-alleges and incorporates by reference the allegations in paragraphs 1 through 23 above as if fully set forth herein.

25. Upon information and belief, the Practice's annual volume of sales or business exceeded $500,000 during the relevant period.

26. As part of its regular business, the Practice purchased goods and materials that traveled through interstate commerce.

27. At all relevant times, the Practice employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

28. Upon information and belief, the Practice obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

29. The Practice, upon information and belief, accepted credit card payments, wire transfers, insurance payments and other forms of payments made or processed outside the state of Florida during the relevant time period.

30. The Practice is an employer engaged in interstate commerce and is subject to the FLSA.

31. During her employment with the Practice, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

32. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

33. In addition, the Practice is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against the Practice under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATIONS BY DR. EISNER UNDER
## THE FAIR LABOR STANDARDS ACT

34. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 23 above as if fully set forth herein.

35. During the entire relevant period, Dr. Eisner was the Practice's Director and owner.

36. During the relevant period, Dr. Eisner operated the day-to-day activities of the Practice and had supervisory authority and control over Plaintiff.

37. Dr. Eisner was responsible for payroll and was partially or totally responsible for paying Plaintiff's wages.

38. During the relevant time period, Dr. Eisner had the power to hire and fire.

39. Dr. Eisner was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

40. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

41. Dr. Eisner had knowledge of the overtime hours worked by Plaintiff.

42. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

43. Dr. Eisner is jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Dr. Eisner under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## **JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: March 27, 2020

Respectfully submitted,

By: */s/ Valerie B. Barnhart*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Bayardo E. Aleman, Esq.
Florida Bar No. 28791
Bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
**PERERA BARNHART ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*